# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 30, 2013

The Honorable Todd Hunter
Chair, Committee on Calendars
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1033

Re: Texas Windstorm Insurance Association's authority to assess insurance carriers and to use future premiums to pay prior obligations (RQ-1134-GA)

Dear Representative Hunter:

You ask two questions regarding the authority and duty of the Texas Windstorm Insurance Association ("TWIA") to assess insurance carriers and to use future premiums to pay prior obligations.[1]

You first ask whether it is "negligence and/or failure of authority or responsibility of duties by the TWIA organization, TWIA Board and/or Texas Department of Insurance to not make said assessments" against insurance carriers in response to losses incurred by TWIA due to Hurricane Ike. Request Letter at 1. Thus, rather than ask a legal question about TWIA's current authority to assess insurance carriers, you ask us to determine whether TWIA has been negligent or committed a "failure of authority or responsibility of duties." *Id.* Whether a particular entity has failed to perform its duties, and whether that failure creates a cause of action for negligence, involve a number of fact questions that cannot be answered in the opinion process. Tex. Att'y Gen. Op. No. JM-153 (1984) at 8. This office is not authorized to investigate allegations of negligence in the opinions process, nor do we resolve disputed questions of fact. Instead, attorney general opinions advise authorized requestors about questions of law. Tex. Att'y Gen. Op. No. JM-1098 (1989) at 3. Thus, we cannot provide an answer to your first question.

In your second question, you ask whether "any provision of the Texas Insurance Code . . . would prohibit TWIA from using future premiums to pay prior obligations if all available funding had been exhausted by an event or series of events?" Request Letter at 1. Through chapter 2210 of the Insurance Code, the Legislature has provided a framework for the operation

---

[1]*See* Letter from Honorable Todd Hunter, Chair, Comm. on Calendars, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (July 3, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

of TWIA and the use of its funds. TEX. INS. CODE ANN. §§ 2210.001–.654 (West 2009 & Supp. 2012). Section 2210.056 addresses TWIA's "use of association assets" and states:

> The association's assets may not be used for or diverted to any purpose other than to:
>
> > (1) satisfy, in whole or in part, the liability of the association on claims made on policies written by the association;
> >
> > (2) make investments authorized under applicable law;
> >
> > (3) pay reasonable and necessary administrative expenses incurred in connection with the operation of the association and the processing of claims against the association;
> >
> > (4) satisfy, in whole or in part, the obligations of the association incurred in connection with Subchapters B-1, J, and M, including reinsurance, public securities, and financial instruments; or
> >
> > (5) make remittance under the laws of this state to be used by this state to:
> >
> > > (A) pay claims made on policies written by the association;
> > >
> > > (B) purchase reinsurance covering losses under those policies; or
> > >
> > > (C) prepare for or mitigate the effects of catastrophic natural events.

*Id.* § 2210.056(b) (West Supp. 2012). Nothing in the language of section 2210.056 limits TWIA's authority to use association assets to satisfy prior obligations with current or future premiums.

Furthermore, Insurance Code section 2210.071 addresses the payment of excess losses, stating, in relevant part:

> (a) If, in a catastrophe year, an occurrence or series of occurrences in a catastrophe area results in insured losses and operating expenses of the association in excess of premium and other revenue of the association, the excess losses and operating expenses shall be paid as provided by this subchapter.
>
> (b) The association shall pay losses in excess of premium and other revenue of the association from available reserves of the

association and available amounts in the catastrophe reserve
trust fund.

*Id.* § 2210.071(a)–(b).  While section 2210.071 addresses how TWIA should fund losses that exceed available premiums and other revenue, nothing in this provision restricts TWIA's use of available premiums, current or future, to satisfy prior obligations. *Id.* Moreover, after reviewing chapter 2210 in its entirety, we find no other provision expressly prohibiting TWIA from using future premiums to pay prior obligations.

## S U M M A R Y

Whether it is negligence by the TWIA organization, TWIA Board, or the Texas Department of Insurance to not make assessments against insurance carriers involves questions of fact that are inappropriate for the opinion process.

No provision in Insurance Code chapter 2210 prohibits TWIA from using future premiums to pay prior obligations.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee